## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 06-004-01, 02, 03 (HHK)** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT L. HALL, JR.** | : | |
| **ANTHONY RIVERA, &** | : | |
| **THOMAS ALSTON** | : | |
| | : | |
| **Defendant** | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

The United States of America and the defendants Robert Hall, Jr., Anthony Rivera, and Thomas Alston, hereby request that the Court give the standard instructions listed below by name and number to the jury at the conclusion of the trial in this case. The parties also request that the Court give the instructions which are thereafter set forth in full and which pertain to the offenses charged in the indictment. The government respectfully seeks leave to make any additional requests for specific jury instructions that may become necessary in the event of any presentation of defense evidence or otherwise.

The following instructions are drawn from the Bar Association of the District of Columbia's Criminal Jury Instructions (4th Ed. Revised 2004) (The Red Book):

General Instructions

      1.02A   Preliminary Instruction When Notetaking Is Permitted

      1.03    Preliminary Instruction Before Trial

      1.04    Stipulations of fact; judicial notice

      1.07    Question Not Evidence

      1.21    Preliminary Instruction Where Identity of Alternates Is Not Disclosed

1.22    A Juror's Recognition of A Witness or Other Party Connected to the Case

2.01    Function of Court

2.02    Function of Jury

2.03    Jury's Recollection Controls

2.04    Evidence in Case – Judicial Notice, Stipulations (if applicable)

2.05    Statements of Counsel

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence

2.08    Burden of Proof -- Presumption of Innocence

2.09    Reasonable Doubt

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

2.13    Number of Witnesses

2.14    Nature of Charges Not to be Considered

2.26    Police Officer's Testimony

2.27    Right of Defendant Not to Testify (If Applicable)

2.28    Defendant as Witness (If Applicable)

2.51(B)  Other Crimes Evidence

2.54    Multiple Defendants – Multiple Counts

2.71    Selection of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberations

2.74    Possible Punishment Not Relevant

2.75    Communication Between Court and Jury During Deliberations

2.76    Furnishing the Jury With a Copy of the Instructions

Definitions and Proof

3.02    Proof of State of Mind

3.07    "On or About" – Proof of

Offenses

4.02    Aiding and Abetting

4.05    Willfully Causing an Act to be Done

The parties also request the following particular instructions pertaining to the offenses charged in the indictment, and should there be a guilty verdict, the instructions regarding forfeiture after the verdict.

**JOINT PROPOSED INSTRUCTION 1:**

The grand jury indictment alleges in Count One that from between in or about July, 2002 until in or about October, 2003, in the District of Columbia and elsewhere, defendants ROBERT HALL and ANTHONY RIVERA did unlawfully and knowingly combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, that is:

a.  to commit the offense of bank fraud, in violation of Title 18, United States Code, Section 1344.

b.  to commit the offense of mail fraud, in violation of Title 18, United States Code, Section 1341.

4

**JOINT PROPOSED INSTRUCTION 2:**

Conspiracy -- Statute Defining the Offense

Section 371 of Title 18 of the United States Code provides, in part, that:

"If two or more persons conspire . . . to commit any offense against the United States

. . . and one or more of such persons do any act to effect the object of the conspiracy . . ."

an offense against the United States has been committed.

**Redbook Form Instruction 4.93**

CONSPIRACY: BASIC INSTRUCTION

18 U.S.C. Section 371

I am going to tell you about the charge of conspiracy to commit the offenses of bank fraud and mail fraud, which is a separate charge from bank fraud itself and mail fraud itself with which defendants Hall and Rivera are also charged. In deliberating on this charge you must consider each defendant individually, to decide whether the government has proved each of the elements as to that person.

Defendants Hall and Rivera are charged with conspiring to commit the offenses of bank fraud and mail fraud. It is against the law to agree with someone to commit the crimes of bank fraud and mail fraud.

The government is not required to prove that the objective was achieved. To find Mr. Hall or Mr. Rivera guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following three elements, beyond a reasonable doubt:

First, that between in or about July, 2002 until in or about October, 2003, an agreement existed between two or more people, to commit the crimes of bank fraud and/or mail fraud. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to commit the crime charged. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crimes of bank fraud and/or mail fraud. So, the first thing that must be shown is the existence of an agreement.

Second, the government must prove that the defendant intentionally joined in that agreement. It is not necessary to find that he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that the defendant was part of the conspiracy.

Third, the government must show that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The government must show that one of the people involved in the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts are that on or about the dates set forth in the indictment the defendants Hall and Rivera executed certain documents, opened certain bank accounts, and engaged in certain financial transactions. The government need not prove that all of these overt acts were taken, but in order to find Mr. Hall or Mr. Rivera guilt of conspiracy, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed.  But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether the Mr. Hall or Mr. Rivera became a member of that conspiracy, you may consider only the acts and statements of that particular defendant.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that during July, 2002, and October, 2003, there was an agreement commit the offense of bank fraud and/or mail fraud; second, that the defendant intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.

**JOINT PROPOSED INSTRUCTION 4.02B**

PRINCIPAL LIABILITY

A defendant may be convicted as a principal actor if the government proves beyond a reasonable doubt that the defendant committed each and every act that constitutes the crime charged.

**JOINT PROPOSED INSTRUCTION 4.02C**

CONSPIRACY/PINKERTON LIABILITY

Under the law of conspiracy, a conspirator/defendant is liable for the reasonably foreseeable crimes committed by any other co-conspirator in furtherance of the conspiracy regardless of the personal involvement of the defendant in the crime.

If, therefore, you find a defendant guilty of conspiracy as charged in Count One of the indictment, you may also find the defendant guilty of the other charges set forth in the indictment with which he or she is charged provided that you find that the essential elements of any given offense as defined in these instructions have been established beyond a reasonable doubt.  And provided that you find beyond a reasonable doubt: First, that the offenses charged were committed by a co-conspirator of the defendant pursuant to the conspiracy.  Second, that the offense was a reasonably foreseeable consequence of the conspiracy charged in Count One of the indictment.  And third, that the defendant was a member of the conspiracy at the time the offense was committed.

Under the conditions just defined, a defendant found guilty of conspiracy as charged in Count One of the indictment may also be found guilty of the other charges set forth in the indictment with which he or she is charged, even though the defendant did not participate in the offense, even though he or she did not have knowledge of the offense, even though the offense was not intended as part of the original plan and even though the offense was committed by any one or more of the coconspirators, whether or not that coconspirator is also charged in the indictment, provided that the offense was committed during the pendency of and in furtherance of the conspiracy.

**JOINT PROPOSED INSTRUCTION:**

Conspiracy -- Acts and Declarations of Co-Conspirators Defined

Evidence has been received in this case that Mr. Hall and Mr. Rivera, who are alleged in Count One of the Indictment to be co-conspirators, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these individuals may be considered by you in determining whether or not the government has proved the charges in Count One of the Indictment against the defendants.

Since these acts may have been performed and those statements may have been made outside the presence of the defendants and even done or said without the defendants' knowledge, these acts or statements should be examined with particular care by you before considering them against the defendants who did not do the particular act or make the particular statement.

A conspirator is liable for all acts and all declarations of co-conspirators made or done in furtherance of the conspiracy, including those occurring prior to his or her joining the conspiracy.

A party who knowingly joins an unlawful conspiracy may be held responsible for acts done in furtherance of the conspiracy both prior to and subsequent to his joining.

**JOINT PROPOSED INSTRUCTION:**

Conspiracy -- "Overt Act" Defined

In order to sustain its burden of proof on Count One of the Indictment, the government must prove beyond a reasonable doubt that one or more members to the agreement knowingly performed or caused to be performed at least one overt act in the District of Columbia. This overt act must have been performed during the existence or life of the conspiracy and was done to some how further the goals of the conspiracy.

An overt act means any act committed by one or more of the conspirators to accomplish a purpose of the conspiracy. It need not be in violation of the law, and the other conspirators need not join in it, or even know about it. It may be an entirely innocent act as long as it furthers the purpose of a conspiracy.

It is not necessary that the purposes of the conspiracy have been accomplished or that a substantive offense which was the object of the conspiracy had been committed. Nor is it necessary that all of the overt acts charged in the indictment be proved. One overt act is sufficient, although you must unanimously agree upon what overt act was committed. Nor is it necessary that each member of the conspiracy have performed an overt act.

If you find beyond a reasonable doubt that a conspiracy existed as charged in the Indictment, and that during the existence of the conspiracy one or more of the overt acts alleged was knowingly done by one or more of the conspirators in furtherance of the purpose or object of the conspiracy, proof of the conspiracy offense is then complete. You may then return a verdict of guilty if you find beyond a reasonable doubt that the defendant had been knowingly and willfully a member of the conspiracy at the time the overt act was committed, regardless of which of the conspirators

12

committed the overt act.  In short, the overt act of the defendant or only a single one of the co-conspirators is sufficient.

The government is not required to prove when the conspiracy began or when it ended.  The government must prove that at some time between the dates charged in the Indictment, the conspiracy existed, and that at least one of the overt acts was committed in furtherance of the conspiracy within that period.

**JOINT PROPOSED INSTRUCTION:**

Conspiracy -- Success of Conspiracy Immaterial Defined

      You will observe that the indictment alleges certain goals of the conspiracy.  The government is not required to prove that the parties to or members of the conspiracy were successful in achieving any or all of the goals of the conspiracy.

**JOINT PROPOSED INSTRUCTION:**

Defendants Hall and Rivera are charged in counts two and three with bank fraud in violation of 18 U.S.C. section 1344. This law makes it a crime to execute or attempt to execute a scheme or artifice (1) to defraud a financial institution or (2) to obtain any money or other property of a financial institution by means of false or fraudulent pretenses, representations, or promises.

To find the defendant guilty of bank fraud you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly executed or attempted to execute a scheme or artifice to defraud Matrix Capital Bank as alleged in count two and National Capital Bank of Washington as alleged in count three to obtain money or property from Matrix Capital Bank as alleged in count two and National Capital Bank of Washington as alleged in count three by means of false or fraudulent pretenses, representations, or promises;

Second: Matrix Capital Bank as alleged in count two and National Capital Bank of Washington as alleged in count three were financial institutions within the meaning of the law; in this case that means that the government must prove that Matrix Capital Bank as alleged in count two and National Capital Bank of Washington as alleged in count three were insured by the Federal Deposit Insurance Corporation;

Third: the defendant acted with intent to defraud;

Fourth: the false or fraudulent pretenses, representations, or promises that the defendant made were material, meaning they would naturally tend to influence, or were capable of influencing the decision of Matrix Capital Bank as alleged in count two and National Capital Bank of Washington as alleged in count three.

15

A "scheme or artifice to defraud" includes any design, plan, pattern or course of action, including false and fraudulent pretenses and misrepresentations, intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent or purpose to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

A statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference to its truth or falsity.

Tenth Circuit Criminal Pattern Instruction 2.58 (2006).

**JOINT PROPOSED INSTRUCTION 6:**

**Mail Fraud - Statute Defining the Offense Charged**

Counts 4 through 6 of the indictment charge defendants Hall and Rivera with mail fraud in violation of Title 18, United States Code, Section 1341. Section 1341 provides in pertinent part that:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . [and] for the purpose of executing such scheme or artifice, or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mad according to the directions thereon, . . . any such matter or thing. . ."

shall be guilty of an offense against the United States. O'Malley, et al., <u>Federal Jury Practice and Instructions</u> (5th ed. 2000), Section 47.02.

The purpose of this statute is to prevent the use of the mail in order to carry out illegal schemes to defraud. <u>Parr v. United States</u>, 363 U.S. 370, 389 (1960). Each separate use of the mails to advance, further or carry out the scheme or artifice to defraud is a separate and distinct violation of the mail fraud statute. Adapted from Fifth Circuit, <u>Pattern Jury Instructions</u> (1997 ed.), Section 2.60 (modified). <u>See</u> <u>also</u>, <u>United States v. Brown</u>, 36 F.R.D. 207 (D.D.C. 1964) (acknowledging this point).

**JOINT PROPOSED INSTRUCTION 7:**

**Mail Fraud - Essential Elements of the Offense**

In order to establish that defendant violated 18 U.S.C. § 1341 by committing mail fraud as charged in Counts 4 through 6, the government must prove beyond a reasonable doubt the following three essential elements:

First, that a defendant devised a scheme or plan to defraud;

Second, that a defendant did so with intent to defraud; and

Third, that a defendant used the mails or caused the mails to be used to advance, further, or carry out the scheme or plan.

A "scheme or plan to defraud" includes a scheme or plan to deprive another of the intangible right of honest services.  Adapted from Fifth Circuit, <u>Pattern Jury Instructions</u> (1997 ed.), Section 2.60 (modified).

**JOINT PROPOSED INSTRUCTION 8:**

**Mail Fraud - First Element**

As to the first element of mail fraud, a "scheme to defraud" includes any plan, pattern or course of action intended to deceive others in order to obtain something of value, such as money, from banks. Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instr. 6.18.1341 (2000). A scheme to defraud may include the concealment of material facts. See Blachly v. United States, 380 F.2d 665 (5th Cir. 1967); United States v. Bessesen, 433 F.2d 861, 863-64 (8th Cir. 1970), cert. denied, 401 U.S. 1009 (1971). Accordingly, a scheme to defraud can exist even though no actual misrepresentations are made. See United States v. Clausen, 792 F.2d 102, 104-05 (8th Cir. 1986), cert. denied, 479 U.S. 858 (1986) (involving wire fraud).

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme and plan or that the alleged scheme and plan actually succeeded in defrauding anyone. Before you can find a defendant guilty of any of the mail fraud charges, however, you must unanimously agree that defendant knowingly devised or participated in a scheme and plan to defraud that was substantially the same at the one alleged in the indictment. Adapted from Pattern Jury Instructions of the First Circuit, Criminal Cases, Instr. 4.12 (1998); United States v. Allard, 926 F.2d 1237, 1242 (1st Cir. 1991) ("It is not necessary to establish that the intended victim was *actually* defrauded.").

**JOINT PROPOSED INSTRUCTION 9:**

**Mail Fraud - Second Element**

As to the second element of mail fraud, to act with an "intent to defraud" means to act knowingly and with the intent or the purpose to deceive or to cheat.  An intent to defraud is accompanied, ordinarily, by a desire or a purpose to dishonestly bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2000), Section 47.14.

**JOINT PROPOSED INSTRUCTION 10:**

**Mail Fraud - Third Element**

The third element of mail fraud requires the use of the United States mails, so long as defendant "caused" the mails to be used, the government is not required to prove that defendant actually mailed anything or that defendant even intended that the mails would be used to further, advance or carry out the scheme or plan to defraud or to obtain or attempt to obtain money or property by false and fraudulent pretenses, representations or promises. Adapted from O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2000), Section 47.04. To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen. Pattern Jury Instructions oft he District Judges Association of the Eleventh Circuit, Offense Instrs. 41.1, 41.2 (1997). Therefore the government must prove that the mails were in fact used in some manner to further, advance or carry out the scheme or plan. The government must also prove that the use of the mails would follow in the ordinary course of business or events, or that the use of the mails by someone was reasonably foreseeable. Adapted from O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2000), Section 47.04.

It is not necessary for the government to prove that the item which was mailed was false or fraudulent or contained any false or fraudulent statement, representation or promise, or contained any request for money or thing of value. Id. Additionally, it is not necessary for the government to prove that use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud, or that the party who received the mail matter is the party defendant is alleged to have defrauded, or attempted to defraud.

21

Each separate use of the mails to advance, further or carry out the scheme or plan to defraud is a separate and distinct violation of the mail fraud statute.  Adapted from Fifth Circuit, <u>Pattern Jury Instructions</u> (1997 ed.), Section 2.60.

_____The government has the burden of proving all three elements of the offense of mail fraud beyond a reasonable doubt.

**JOINT PROPOSED INSTRUCTION:**

Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (18 U.S.C. § 1957)

Counts 7, 8, and 9 of the indictment charges the defendants Hall and Rivera with engaging in monetary transactions in violation of federal law.  Count 7 of the indictment also charges defendant Alston with engaging in a monetary transaction in violation of federal law.  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly engaged in a monetary transaction.

Second, that the monetary transaction was in property derived from a specified unlawful activity.

Third, that the property had a value greater than $10,000.

Fourth, that the defendant knew that the transaction was in criminally derived property.

Fifth, that the monetary transaction took place within the United States.

Sixth Circuit Criminal Pattern Instruction 11.06

23

**JOINT PROPOSED INSTRUCTION:**

Now I will give you more detailed instructions on some of these terms.

(A) The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange for currency, in or affecting interstate or foreign commerce, of funds or a monetary instrument such as a cashier's check by, through, or to a financial institution such as a bank insured by the Federal Deposit Insurance Corporation or an issuer, redeemer, or cashier of cashier's checks.

(B) The term "specified unlawful activity" includes the crimes of bank fraud and mail fraud as I have previously described to you in these instructions.

(C) The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense, in this case, bank fraud. It is an element that the property in the monetary transaction must in fact be the proceeds of specified unlawful activity. However, the defendant need only know that the property involved was criminally derived. The Government is not required to prove the defendant knew that the offense from which the criminally derived property was derived was specified unlawful activity. Thus, although the property must in fact be derived from the bank fraud charged in the indictment, the defendant need not know this. The government does not have to prove that the defendant knew the property was derived from a particular type of unlawful activity as long as the government proves that defendant knew it was criminally derived.

Sixth Circuit Criminal Pattern Instruction 11.06

**JOINT PROPOSED INSTRUCTION 19:**

**First Degree Fraud (D.C. Code § 22-3821)**

As to Count 10 of the Indictment, charging Mr. Hall and Mr. Rivera with fraud in the first degree, the essential elements of fraud in the first degree, each of which the government must prove beyond a reasonable doubt, are as follows:

First, that the defendant engaged in a scheme or systematic course of conduct;

Second, that he did so with the intent to defraud someone or obtain property of another by means of a false or fraudulent pretense, representation or promise;

Third, that, as a result of that scheme or systematic course of conduct, the defendant obtained property of another or caused another to lose property; and

Fourth, that the property lost or obtained had a value of $250 or more.

A scheme is any pattern of behavior calculated to deceive persons of ordinary prudence and comprehension. A systematic course of conduct is a pattern of activity. It need not exist over an extended period of time, but there must be more than an isolated act.

To act with intent to defraud means to act knowingly and with the purpose to deceive or cheat. An intent to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person or organization. The government need not prove that the defendant intended to defraud any particular person or organization, so long as it proves that he intended to defraud any person or organization.

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important aspect of the matter in question. The

25

term includes an actual, direct false statement, a half-truth, and a knowing concealment of a fact that is material or important to the matter in question. The defendant must have known that the statement or assertion was untrue when he made or used it, or have made or used it with reckless indifference as to whether it was, in fact, true or false.

"Property of another" means anything of value owned by someone other than the defendant.

Red Book Instruction 4.41.

**JOINT PROPOSED INSTRUCTION 20:**

**Causing an Act to be Done**

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charge if you find that the government has proved beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

Red Book Instruction 4.05 selecting appropriate bracketed language.

27

**PROPOSED FORFEITURE INSTRUCTION NO. 1** (Jury's duty regarding forfeiture.)

_____. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of Count[s] [  ], you have one more task to perform before you are discharged.[1]

Under federal law, any person who is convicted of bank/mail fraud shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of that violation.[2]

With respect to the conviction of bank/mail fraud, you must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the government asserts constitutes, or is derived from, proceeds traceable to the bank/mail fraud violation of which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty of mail fraud and/or bank fraud is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any such violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

_____

[1]      Fed.R.Crim.P. 32.2(b)(1) ("As soon as practicable after entering a guilty verdict . . . on any count in an indictment . . . with regard to which criminal forfeiture is sought, the court [or jury] shall determine what property is subject to forfeiture under the applicable statute.")

[2]      18 U.S.C. § 982(a)(2).

**PROPOSED FORFEITURE INSTRUCTION NO. 2** (Government's burden of proof regarding forfeiture.)

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do **not** apply to your deliberations and verdicts regarding forfeiture.  In deliberating and deciding your verdict[s] regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that the property it seeks to forfeit, in connection with the bank/mail fraud conviction[s] of which you have found the defendant guilty, constitutes, or is derived from, proceeds traceable to the violation of bank/mail fraud.  I further instruct you that the government need only prove by a preponderance of the evidence that the property it seeks to forfeit, in connection with the bank/mail fraud conviction[s] of which you have found the defendant guilty, is property involved in, or traceable to property involved in, the violation of bank/mail fraud.  The government is **not** required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property constitutes, or is derived from, proceeds traceable to the bank/mail fraud, it must prove that it is more likely than not that the property is proceeds traceable to the bank/mail fraud.  In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property constitutes or is derived from proceeds traceable to the bank/mail fraud violation.  Your job is to determine whether it is more likely than not that the property constitutes or is derived from proceeds traceable to the violation.[3]

---

[3]    *Libretti v. United States*, 116 S.Ct. 356, 363 (1995) (criminal forfeiture is part of the sentence; it is not a substantive element of the offense); *United States v. DeFries*, 129 F.3d 1293, 1312 (D.C. Cir. 1997) (in light of *Libretti*, burden of proof in RICO case is preponderance of the evidence); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance

**<u>PROPOSED FORFEITURE INSTRUCTION NO. 3</u>** <u>(Jury may consider trial evidence as well</u>

<u>as any additional evidence presented on the issue of forfeiture.)</u>[4]

_____While deliberating, you may consider any evidence offered by the parties at any time during

the trial.

---

standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); _United States v. Bornfield_, 145 F.3d 1123, 1134 (10th Cir. 1998), _cert. denied_, 120 S.Ct. 986 (2000) (preponderance standard applies to § 982 forfeitures).

[4]        _United States v. Merold_, 2002 WL 1853644 (11th Cir. 2002) (Table) (jury may rely on evidence admitted in the guilt phase of the trial); _United States v. Bornfield_, 145 F.3d 1123, 1134 (10th Cir. 1998), _cert. denied_, 120 S.Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

**PROPOSED INSTRUCTION NO. 4** (Definition - property which "derived from" property "traceable to" a bank/mail fraud violation.)

_____ I instruct you that property "derived from" proceeds "traceable to" a bank/mail fraud violation is any property that was, at least in part, purchased, improved, or maintained with property the defendant would not have had but for the commission of the bank/mail fraud violation.[5]

---

[5] *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) ("property 'traceable to' means property where the acquisition is attributable to the money laundering scheme rather than from money obtained from untainted sources" and "proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture as property 'traceable to' the offense".)

**PROPOSED FORFEITURE INSTRUCTION NO. 5:** (Money judgment)

_____Under federal law, any person who is convicted of bank/mail fraud is required to forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to the violation, whether or not that property has been or can be seized by the government. Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that constitutes, or is derived from, proceeds traceable to the violation of bank/mail fraud.[6]

_____Regarding the Forfeiture Allegation in the Indictment where the government requests a money judgment, it is your duty to determine whether it is more likely than not that the amount that the government asserts is equal to property constituting, or derived from, proceeds traceable to the violation of bank/mail fraud; and/or whether it is more likely than not that the amount that the government asserts is equal to property involved in, or traceable to the property involved in, the violation of bank/mail fraud.

---

[6]    Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment against the defendant, the court [or jury] shall determine the amount of money that the defendant will be ordered to pay."); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir.), *cert. denied*, 106 S.Ct. 72 (1985) (RICO - because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset).

**PROPOSED FORFEITURE INSTRUCTION NO. 6** (Duty not to consider certain issues that court will decide.)

_____I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide. You should **not** consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the Court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.

You are also **not** to consider whether the property is presently available. That matter also will be considered solely by the Court in imposing sentence.

Your sole concern now is to determine whether property constitutes or is derived from proceeds traceable to the bank/mail fraud violation[s] which you have found the defendant committed and/or whether property was involved in, or is traceable to property involved in, the bank/mail fraud which you have found the defendant committed.

**PROPOSED FORFEITURE INSTRUCTION NO. 7:**  (Special Verdict Form)

_____A Special Verdict Form has been prepared for your use.  You are asked to determine unanimously whether **$90,000**[7] in funds should be forfeited to the United States and whether **$90,000** should be forfeited to the United States in the form of a money judgment.  You may answer by simply putting an "X" or a check mark in the space provided next to the words "Yes" or "No."  If you do not unanimously agree on this amount, then you must determine what amount, if any, should be forfeited and write that amount in the space provided.  The foreperson must then sign and date the Special Verdict Form.

_____You will see that the Special Verdict Forms asks you to consider separately whether certain sums of money are subject to forfeiture on more than one basis.  Even if you find that any given sum of money is, in fact, subject to forfeiture for more than one reason, that does not mean that the government will receive the forfeited sum(s) of money twice.  It is important, however, that you indicate on the Special Verdict Form all bases on which you find any given sum of money subject to forfeiture.  Any issue of double-counting will be considered by the Court in imposing sentence.

---

[7]        Defendant Hall objects to the amount of $90,000.

**PROPOSED FORFEITURE INSTRUCTION NO. 8** (Unanimous verdict)[8]

You must reach a unanimous verdict as to each question on the Special Verdict Form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a Special Verdict Form.

---

[8]    Fed.R.Crim.P. 32.2(b)(1) (court or jury shall "determine whether the government has established the requisite nexus between the property and the offense"); *United States v. Sokolow*, 91 F.3d 396, 414-415 (3d Cir. 1996), *cert. denied*, 117 S.Ct. 960 (1997) (jury must determine only if there was nexus between property and offense); *United States v. Sokolow*, 91 F.3d 396, 414-15 (3d Cir. 1996), cert denied, 117 S.Ct. 960 (1997) (jury must determine only if there was nexus between property and offense).